```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
TOD SEELIE,                                                 :
                                                            :   **MEMORANDUM DECISION**
                                          Plaintiff,        :   **AND ORDER**
                                                            :
                   - against -                              :   19-cv-5643 (BMC)
                                                            :
THE ORIGINAL MEDIA GROUP LLC,                               :
                                                            :
                                          Defendant.        :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a copyright infringement action in which plaintiff, a professional photographer, granted a license for the use of a photograph that he took, and defendant copied the photograph from the licensee's publication and ran it without permission. In publishing the photograph without permission, defendant removed the credit for the photograph in which the licensee had shown plaintiff's name (referred to as a "gutter credit" based on its position in the photograph). The case is before me on plaintiff's motion for a default judgment, the Clerk of Court having entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a).

The complaint contains two claims for relief: copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 106, 501, and removal of the attribution acknowledgement that appeared in the licensee's publication under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b). In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). Of course, "[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit mere conclusions of law." In re Wildlife Ctr., Inc., 102 B.R. 321, 325 (E.D.N.Y. 1989) (citation omitted). But here, plaintiff has stated valid claims.

However, "when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when the court relies on affidavits and other documentary evidence and the amount is liquidated. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

Particularly since plaintiff seeks statutory damages, no hearing is necessary here. Plaintiff seeks statutory damages of $30,000 for Count I of the complaint under 17 U.S.C. § 504(c)(1), and $10,000 for Count II under 17 U.S.C. § 1203(c)(3)(B). The former statute has a range of $750 to $30,000.00 (so that plaintiff is seeking the maximum) and the latter has a range of $2,500 to $25,000. Picking the proper award within these ranges is a matter of the court's discretion, see Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir. 1986), informed by a number of financial and conduct-based considerations. These considerations include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., 603 F.3d 135, 143-44 (2d Cir. 2010).

In the default context, it is obviously incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking. Of course, allowance must be made for the fact that the defendant's failure to appear limits that which plaintiff can show. See Streamlight, Inc. v. Gindi, No. 18-CV-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019) ("[D]efendants frustrated the litigation process by failing to appear in this case or, at any point, respond to the allegations listed in the Complaint. . . . As a result, plaintiff could not obtain meaningful discovery, including discovery related to damages."). But even on a motion for default judgment, the plaintiff may be able to ascertain information from readily available public sources about the infringement and the defendant's financial status. See Conan Props. Int'l LLC v. Sanchez, No. 17-CV-162, 2018 WL 4522099, at *31 n.37, 36 (E.D.N.Y. June 8, 2018), report and recommendation adopted with modifications, 2018 WL 3869894 (E.D.N.Y. Aug. 15, 2018). And a plaintiff can certainly disclose his usual licensing fee so that actual damages can be considered as a component of statutory damages.

Unfortunately, plaintiff has not given me much assistance in applying these factors. Plaintiff has "respectfully declined" to disclose the fee paid by his licensee or any other licensee for the photograph or similar photographs, asserting that having elected statutory damages, his usual license fee is irrelevant. Plaintiff is correct that he has the right to elect statutory damages without regard to his actual damages, see Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2001), but by not disclosing the license fee, he has limited my ability to analyze the relevant factors used to determine the appropriate award, as those factors include consideration of revenue lost by the copyright holder. See Bryant, 603 F.3d at 144.

Instead of conducting some minimal investigation of the infringement and then arguing the facts of this case to support his award requests, plaintiff asserts that there is a "long-line of cases in this Circuit which award $30,000.00" on default judgment motions under 17 U.S.C. § 501, and other cases within this district "have recently awarded $10,000 in statutory damages for a defaulting defendant's violation of §1202(b)" of the DMCA. He refers to these cases as "evidence," but of course they are not evidence, they are legal authorities. I have reviewed those cases and, as to the Copyright Act claim, each one undertook the analysis of the relevant factors that plaintiff has not given me here, or at least those of the factors that could be considered in the context of a motion for a default judgment. See Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12 Civ. 5456, 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), report and recommendation adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); Tokar v. 8 Whispering Fields Assocs., Ltd., No. 08-cv-4573, 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011) report and recommendation adopted, 2012 WL 688468 (E.D.N.Y. Mar. 2, 2012); Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-CV-1429, 2008 WL 4179653, at *10-11 (E.D.N.Y. Sept. 10, 2008); Peer Int'l Corp. v. Max Music & Entm't, Inc., No. 03-cv-996, 2004 WL 1542253, at *3-4 (S.D.N.Y. July 9, 2004); Stevens v. Aeonian Press, Inc., No. 00 Civ. 6330, 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002); Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002).

As to the DMCA claim, plaintiff has merely submitted copies of judgments awarding $10,000, so I have no idea of how those courts arrived at that figure. I can only note that there are plenty of cases that have awarded less than $10,000 for DMCA violations, particularly where the plaintiff has failed to provide much assistance in applying the relevant factors. See e.g.,

Jerstad v. New York Vintners LLC, No. 18-CV-10470, 2019 WL 6769431, at *4 (S.D.N.Y. Dec. 12, 2019), report and recommendation adopted, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020).

This illustrates a bigger problem with plaintiff's presentation. The fact that out of the hundreds of Copyright Act and DMCA cases filed in this Court and the Southern District of New York over the last eighteen years (a very large number of them prosecuted by this plaintiff's counsel), a relative handful have awarded the amount of statutory damages he seeks here, does not give me any guidance as to the amount of statutory damages that should be awarded in this case. For every case that plaintiff cites that awarded the same amounts he is seeking, there are more cases awarding different amounts – including many cases brought by this plaintiff's counsel in which he sought the same amounts that he is seeking here. See e.g., Myeress v. Elite Travel Group USA, No. 18-CV-340, 2018 WL 5961424, at *3-4 (S.D.N.Y. November 14, 2018); Romanowicz v. Alister & Paine, Inc., No. 17-CV-8397, 2018 WL 4762980, at *1 (S.D.N.Y. Aug. 3, 2018), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018). As another court noted in a case brought by this plaintiff's counsel:

> Plaintiff [has not] provided any support, case law or otherwise, for the $10,000 figure other than attaching orders where courts adopted the $10,000 in statutory damages listed in the plaintiff's proposed order. Plaintiff has not explained why the orders he attaches are appropriate comparisons. Accordingly, because Plaintiff would have difficulty showing actual damages for removal of the gutter credit and has not made much of an effort to support a damages figure, I recommend that the minimum of $2,500 be awarded in statutory damages.

Jerstad, 2019 WL 6769431, at *4. This is not the only time a court has rejected the request from this plaintiff's counsel for an unsupported statutory award. In a case similar to the instant case where the court rejected the request of plaintiff's counsel for the $30,000 maximum award under the Copyright Act, the court noted:

5

> The Court has considered these factors and concludes that statutory damages of $2,500 – not $30,000 – is appropriate. On the one hand, Plaintiff's allegations and exhibits support a finding that Defendant acted willfully: Defendant copied Plaintiff's photograph directly from another online article, ignored the notation that Plaintiff was the photographer, and removed the gutter credit. Furthermore, as Plaintiff points out, Defendant's status as a publisher in online media makes its infringement more blameworthy. Defendant's default only serves to bolster these allegations.
>
> On the other hand, Plaintiff presents no evidence of lost revenue or other damages. Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered. As a professional photographer who licensed the photograph at issue, Plaintiff presumably could have supplied information on his lost revenue, including licensing fees. He chose not to do so. Although he is not required to submit such evidence to obtain statutory damages, the seeming absence of tangible harm is something the Court may consider.

Mantel v. Smash.com Inc., No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (internal citations and quotations omitted).

As in Jerstad and Mantel, plaintiff has not developed this record sufficiently to warrant the statutory damages he seeks. First, his "respectful refusal" to disclose his usual licensing fee leads me to draw the inference that it is *de minimis*, and that is a relevant factor for me to consider. He has prevented me from even considering whether a multiplier of his licensing fee – a measure often used by district courts to determine a statutory award, see e.g., Michael Greco Productions v. Function(X), Inc., No. 18 Civ. 386, 2019 WL 1368731, at *4-5 (S.D.N.Y. March 11, 2019) – is appropriate here.

Second, other than having seen his photograph published without authorization, plaintiff has made no effort to ascertain the nature of this defendant's business or its financial wherewithal to pay a substantial damage award. He has submitted no Bloomberg or Dun & Bradstreet report on defendant, no photographs of defendant's business, no example of the kind of publication in which it engages, and no indication whether this is the first time or the 100th

6

time that defendant has violated the copyright laws (something that should be readily ascertainable through a PACER search, if not from plaintiff's counsel's own extensive files). Given the punitive and deterrence considerations inherent in fixing a statutory award, see Van Der Zee v. Greenidge, No. 03 Civ. 8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006), it seems to me that whether a defendant is a serial copyright violator, and the level of defendant's gross revenues, bear heavily on the appropriate amount of statutory damages.

I note that in the similar context of cable signal theft under the Federal Communications Act, it is common for rights holders to send investigators to the signal pirates' premises, see e.g., J&J Sports Prods., Inc. v. Barretta, No. 18-cv-5111, 2019 WL 7284249, at *1 (E.D.N.Y. Sept. 10, 2019), report and recommendation adopted, 2019 WL 7283284 (E.D.N.Y. Dec. 27, 2019), to help calculate the appropriate level of statutory damages. Of course, as a solo photographer from whom defendant has stolen, it appears, a single photograph, I do not expect plaintiff to go to that level of effort or expense. But the internet has lots of information, and plaintiff has not even given the Court that much assistance.

On the other hand, plaintiff has at least alluded to some of the factors that weigh into determination of the amount of a statutory award. He has properly asserted that defendant's failure to respond not only to the summons and complaint, but the default judgment motion, is indicative of willfulness. See e.g., CJ Prods. LLC v. Your Store Online LLC, No. 11 Civ. 9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (collecting cases), report and recommendation adopted, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012). In addition, the removal of the accreditation for the photograph as published by plaintiff's licensee is a further aggravating factor. See Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 374-75 (S.D.N.Y. 2019) ("Hayes is a veteran reporter familiar with the concept of a gutter credit and he had the ability to

contact the New York Post about the Photograph."). Plaintiff also points out that as a publisher, defendant should be charged with a greater knowledge of the copyright laws than non-publishing users. See Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983). These factors, all of which demonstrate a higher level of willful infringement, trigger the application of enhanced damages under 17 U.S.C. § 504(c)(2) of up to $150,000, which plaintiff is not seeking.

Aside from these indicia of willfulness, however, plaintiff has left out more than he has disclosed. I note that I, like other judges, have previously engaged in a similar analysis with respect to cases brought by this plaintiff's counsel (as this decision suggests, he has a very high volume practice), pointing out the frequent lack of support for his statutory award theory. See e.g., Mango v. Pacifica Foundation Inc., No. 18-cv-6381, 2019 WL 569073 (E.D.N.Y. Feb. 11, 2019), vacated on other grounds, 2019 WL 4134776 (E.D.N.Y. May 2, 2019). However, plaintiff's counsel does not appear to be listening to the judges of the districts in which he practices.

None of the cases he has failed to cite are controlling authorities, so he has not committed any ethical violation by not disclosing them. Nevertheless, counsel's cherry-picking of cases that support statutory awards that at least lean toward windfall recoveries without disclosing that, in a number of single-instance infringements against obscure defendants like the one here, he has recovered mere hundreds of dollars in statutory damages, renders his truncated presentation of the case law of little use to me.

The final factor in fixing the statutory awards is the problem of dual recovery that these overlapping statutes present. Although I recognize that many cases have awarded separate damages under the Copyright Act and the DMCA, I decline to do that here. The DMCA

8

emphasizes one factor that is applicable in this case – defendant's removal of the accreditation notation that was part of plaintiff's licensee's publication. That is an aggravating factor, but I can adequately address it by including it in the mix of factors in determining the statutory award under the Copyright Act. It has long been the law in intellectual property cases that a plaintiff cannot recover under different intellectual property statutes or theories for the same injury. See Adobe Sys. Inc. v. Feather, 895 F. Supp. 2d 297, 303 n.5 (D. Conn. 2012), citing Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir.1995) ("A plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery."); see also Tu v. TAD Sys. Tech. Inc., No. 08-CV-3822, 2009 WL 2905780, at *5 (E.D.N.Y. Sept. 10, 2009) ("Plaintiffs are not entitled to duplicative statutory damages under the Copyright Act, DMCA, and the Lanham Act."). Since the range of statutory damage awards is somewhat larger under the Copyright Act as opposed to the DMCA, it is not difficult to increase the award under the former as a means of accommodating the violation of the latter. See Evony, LLC v. Holland, No. 11-cv-64, 2011 WL 1230405, at *6 (W.D. Pa. March 31, 2011).

As noted above, my analysis is hampered based on defendant's default and the dearth of information that plaintiff has provided. Based on all the considerations set forth above, I conclude that plaintiff is entitled to recovery statutory damages in the amount of $5000. Of all of the factors I have considered, the most important is plaintiff's decision to withhold his actual licensing fee. This suggests to me that his usual fee for a picture like this may be in the hundreds of dollars rather than the thousands, which would make $5000 a substantial multiple of his licensing fee no matter where within the $1 to $1000 range that his licensing fee would fall. An award at this level will thus satisfy the dual purposes of statutory damages – compensation and deterrence. See Fitzgerald Pub. Co., Inc., 807 F.2d at 1117.

Finally, there is the question of plaintiff's attorneys' fee under 17 U.S.C. § 505. At one point in his affidavit, he fixes his hourly rate at $450 per hour; but in the next sentence, he asserts that it is $425 per hour. The total fee claimed, $2550, is based on itemized entries showing six hours of his time at $425 per hour. The $425 rate is consistent with rates allowed in this district for an attorney with the experience of plaintiff's counsel, and six hours is a reasonable amount of time spent bringing the case this far. The costs consisting of the filing fee and the process server's fee of $440 is also reasonable.

Accordingly, plaintiff's motion [12] for a default judgment is granted to the extent set forth above. The Clerk is directed to enter final judgment in favor of plaintiff and against defendant for $5000 in statutory damages, $2550 in attorneys' fees, and $440 in costs, for a total of $7,990.

**SO ORDERED.**

 _____
 U.S.D.J.

Dated: Brooklyn, New York
 January 12, 2020